IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICHOLAS AND KARA CAPRIOTTI     :   Civil Action

               :

vs.               :   No.:  11-CV-07779-TON

               :

ALLSTATE PROPERTY AND      :
CASUALTY INSURANCE COMPANY   :

## ORDER

AND NOW, this _____ day of _____ , 2012 , upon consideration of the

Defendant Allstate Property and Casualty Insurance Company's Partial Motion To Dismiss

Plaintiffs' First Amended Complaint Pursuant to F.R.C.P. 12(b)(6), and the response, if any,

filed by Plaintiffs, Nicholas and Kara Capriotti ("Plaintiffs"), it is hereby **ORDERED** and

**DECREED** that Defendant Allstate Property and Casualty Insurance Company's Motion is

**GRANTED**, and:

_____   Plaintiffs' Breach of Covenant of Good Faith and Fair Dealing claim in Count II
      of the First Amended Complaint is dismissed **WITH PREJUDICE.**

_____   Plaintiffs' Unfair Trade Practices and Consumer Protection Law claim in Count
      III of the First Amended Complaint is dismissed **WITH PREJUDICE.**

_____   Plaintiffs' Breach of Fiduciary Duty claim in Count IV of the First Amended
      Complaint is dismissed **WITH PREJUDICE.**

_____   Plaintiffs' claims against "John Does 1-10" in the First Amended Complaint are
      dismissed **WITH PREJUDICE.**

BY THE COURT:

_____
Honorable Thomas N. O'Neill Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS AND KARA CAPRIOTTI | : | Civil Action |
| | : | |
| vs. | : | No.:   11-CV-07779-TON |
| | : | |
| ALLSTATE PROPERTY AND | : | |
| CASUALTY INSURANCE COMPANY | : | |

**DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S PARTIAL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

Defendant Allstate Property and Casualty Insurance Company ("Defendant Allstate"), by and through its attorneys Curtin & Heefner LLP, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure moves the Court to enter an Order in the form attached, and in support, Defendant Allstate avers:

1.     On or about December 22, 2011, Plaintiffs ("Plaintiffs") initiated this action by filing a Civil Action Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania.

2.     A true and correct copy of Plaintiffs' Complaint with exhibits is attached as Exhibit "1" and incorporated by reference.

3.     After the Court dismissed Plaintiffs' Complaint on December 29, 2011, Plaintiffs filed an Amended Complaint on or about January 5, 2012.

4.     A true and correct copy of Plaintiffs' First Amended Complaint with exhibits is attached as Exhibit "2" and incorporated by reference.

5.     Plaintiffs' First Amended Complaint involves a first party property damage homeowners insurance claim to Plaintiffs' property located at 7008 Lafayette Avenue, Fort Washington, PA 19034. See, Exhibit "2" at Paragraphs 9, 11 and 14.

6.    Defendant Allstate insured Plaintiffs' property.  See, copy of the policy attached to Plaintiffs' First Amended Complaint (Exhibit "2") as Exhibit "A."

7.    Defendant Allstate investigated Plaintiffs' claim, and denied their water damage claim involving Plaintiffs' basement based upon continuous and repeated seepage and other applicable exclusions.  See, copy of the letter of denial attached to Plaintiffs' First Amended Complaint (Exhibit "2") as Exhibit "B."

8.    Defendant Allstate sent Plaintiffs the letter of denial.  See, copy of the letter of denial attached to Plaintiffs' First Amended Complaint (Exhibit "2") as Exhibit "B."

9.    Plaintiffs assert several causes of action against Defendant Allstate arising from the denial of their claim:

> Count I – Bad Faith;
> Count II – Breach of Contract & Covenant of Good Faith and Fair Dealing;
> Count III – UTPCPL (Unfair Trade Practices and Consumer Protection Law); and
> Count IV – Breach of Fiduciary Duty.

10.    Plaintiffs also, for some reason, filed suit against "John Does 1-10."

11.    This Motion seeks dismissal of Plaintiffs' Breach of Covenant of Good Faith and Fair Dealing claim in Count II, Count III, and Count IV.  This Motion also seeks dismissal of the John Does 1-10.

12.    Plaintiffs' Breach of Covenant of Good Faith in Count II fails to state a claim upon which relief can be granted.

13.    Plaintiffs' UTPCPL claim in Count III fails to state a claim upon which relief can be granted.

14.    Plaintiffs' Breach of Fiduciary Duty claim in Count IV fails to state a claim upon which relief can be granted.

15.   Plaintiffs fail to state a claim against "John Does 1-10" upon which relief can be granted.

15.   This Motion does not address Plaintiffs' Bad Faith claim in Count I or the Breach of Contract portion of Count II although Defendant Allstate ultimately will be filing a Motion for Summary Judgment on these claims.

WHEREFORE, Defendant Allstate Property and Casualty Insurance Company respectfully requests that this Court grant Defendant Allstate's Partial Motion To Dismiss Plaintiffs' Breach of Covenant of Good Faith claim in Count II along with Counts III and IV of Plaintiffs' First Amended Complaint Pursuant to F.R.C.P. 12(b)(6), and sign the Order in the form attached.

Respectfully submitted,

CURTIN & HEEFNER LLP

By: _____
     Michael P. Maguire, Esquire
     Attorneys for Defendant
     250 N. Pennsylvania Avenue
     Morrisville, PA 19067
     (215) 736-2521

Date: 1/11/12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS AND KARA CAPRIOTTI | : | Civil Action |
| | : | |
| vs. | : | No.:   11-CV-07779-TON |
| | : | |
| ALLSTATE PROPERTY AND | : | |
| CASUALTY INSURANCE COMPANY | : | |

**DEFENDANT ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT
PURSUANT TO F.R.C.P. 12(b)(6)**

Defendant, Allstate Property and Casualty Insurance Company ("Defendant Allstate"),

by and through its attorneys Curtin & Heefner LLP, submits this Memorandum of Law in

Support of its Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.      Questions Presented**

A.      Whether Plaintiffs' Breach of Covenant of Good Faith claim in Count II of their
First Amended Complaint must be dismissed as Pennsylvania does not recognize
an independent Count for Breach of Covenant of Good Faith?

*Suggested Answer:*      Yes.

B.      Whether Plaintiffs' Unfair Trade Practices and Consumer Protection Law claim in
Count III of their First Amended Complaint must be dismissed where Plaintiffs do
not establish the elements of common law fraud, and the denial of their claim
amounts to only nonfeasance?

*Suggested Answer:*      Yes.

C.      Whether Plaintiffs' Breach of Fiduciary Duty claim in Count IV of their First
Amended Complaint must be dismissed where no such cause of action in the
context *sub judice* exists?

*Suggested Answer:*      Yes.

D.      Whether Plaintiffs' purported claims against John Does must be dismissed as a
John Doe cannot act in Bad Faith pursuant to 42 Pa.C.S.A 8371, Plaintiffs had no
contract(s) with John Does, Plaintiffs have plead no evidence that any John Doe

violated the Unfair Trade Practices and Consumer Protection Law, and a John Doe owes no Fiduciary Duty to Plaintiffs?

*Suggested Answer:*    Yes.

## II.    Procedural Background

On or about December 22, 2011, Plaintiffs ("Plaintiffs") initiated this action by filing a Civil Action Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania. A true and correct copy of Plaintiffs' Complaint with exhibits is attached as Exhibit "1" and incorporated by reference. After the Court dismissed Plaintiffs' Complaint on December 29, 2011, Plaintiffs filed an Amended Complaint on or about January 5, 2012. A true and correct copy of Plaintiffs' First Amended Complaint with exhibits is attached as Exhibit "2" and incorporated by reference.

## III.    Factual Background

Plaintiffs' First Amended Complaint involves a first party property damage claim to Plaintiffs' property located at 7008 Lafayette Avenue, Fort Washington, PA 19034. See, Exhibit "B" at Paragraphs 9, 11 and 14. Defendant Allstate insured Plaintiffs' property. See, copy of the policy attached to Plaintiffs' First Amended Complaint (Exhibit "2") as Exhibit "A."

Defendant Allstate investigated Plaintiffs' claim, and denied their water damage homeowners insurance claim involving Plaintiffs' basement based upon continuous and repeated seepage and other applicable exclusions. See, copy of the letter of denial attached to Plaintiffs' First Amended Complaint (Exhibit "2") as Exhibit "B." Defendant Allstate sent Plaintiffs the letter of denial. See, copy of the letter of denial attached to Plaintiffs' First Amended Complaint (Exhibit "2") as Exhibit "B."

Plaintiffs assert several causes of action against Defendant Allstate arising from the denial of their claim:

> Count I – Bad Faith;
> Count II – Breach of Contract & Covenant of Good Faith and Fair Dealing;
> Count III – UTPCPL (Unfair Trade Practices and Consumer Protection Law); and
> Count IV – Breach of Fiduciary Duty.

Plaintiffs also, for some reason, filed suit against "John Does 1-10."

This Motion seeks dismissal of Plaintiffs' Breach of Covenant of Good Faith and Fair Dealing claim in Count II, Count III, and Count IV. This Motion also seeks dismissal of the John Does 1-10. Plaintiffs' Breach of Covenant of Good Faith in Count II fails to state a claim upon which relief can be granted. Plaintiffs' UTPCPL claim in Count III fails to state a claim upon which relief can be granted. Plaintiffs' Breach of Fiduciary Duty claim in Count IV fails to state a claim upon which relief can be granted. This Motion does not address Plaintiffs' Bad Faith claim in Count I or the Breach of Contract portion of Count II although Defendant Allstate ultimately will be filing a Motion for Summary Judgment on these claims.

## IV.   Legal Argument

### A.   Standard of Review

In analyzing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), a Court looks only to the facts alleged in the Complaint and its attachments. Heller v. Fulare, 371 F.Supp.2d 743, 746 (W.D. Pa 2005). The Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the Plaintiff. Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir.1989); D.P. Enters., Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir. 1984). However, a Court need not credit "bald assertions" or "legal conclusions" when deciding a Motion to Dismiss. Morse v. Lower Merion Sch. District, 132 F.3d 902, 906 (3d Cir. 1997).

### B.    Pleading Requirements

Under F.R.C.P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  F.R.C.P. 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. See, e.g., Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, in Ashcroft v. Iqbal, the Supreme Court clarified it decision in Twombly, stating that it "expounded the pleading standard for all civil actions."  Ashcroft v. Iqbal, 129 S.Ct. 1937 at 1953, 173 L.Ed.2d 868 (2009).  F.R.C.P. 8(a)(2) demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937 at 1949, 173 L.Ed.2d 868 at 883 (2009).

The Court need not credit bald or legal conclusions made by Plaintiffs in the Complaint. Atiyeh v. Nat'l Fire Ins. Co., 2010 U.S. Dist. LEXIS 102697 (E.D.Pa. Sept. 27, 2010). Thus, "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss" under the Federal Rules of Civil Procedure. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3rd Cir. 2009). The Plaintiffs must plead specific facts "that describe who, what, where, when, and how" the alleged conduct occurred. See, e.g., Pfister v. State Farm Fire and Cas. Co., 2011 WL 3651349 (W.D.Pa. August 18, 2011) (Schwab, J); Liberty Ins. Corp. v. PGT Trucking, Inc., 2011 WL 2552531, at *4 (W.D.Pa. June 27, 2011) (McVerry, J.).

The Third Circuit has established a three-part analysis for courts to conduct when faced with a 12(b)(6) Motion:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Third, 'whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. This means that our inquiry is normally broken into three parts: (1) identifying the

elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

Malleus v. George, 641 F.3d 560 (3d Cir. Pa. 2011) (citing Iqbal, 129 S. Ct. at 1947-1950).

### C. Pennsylvania Does Not Recognize An Independent Cause Of Action For Breach of Covenant of Good Faith and Fair Dealing

In Count II of Plaintiffs' First Amended Complaint, they purport to allege that Defendant Allstate Breached a Duty of Good Faith and Fair Dealing with Plaintiffs. See, Exhibit "B" at Paragraph 30. Pennsylvania law, however, does not recognize a separate Breach of Contractual Duty of Good Faith and Fair Dealing where said claim is subsumed by a separately pled Breach of Contract claim. LSI Title Agency, Inc. v. Evaluation Services, Inc., 951 A.2d 384, 391 (Pa. Super. 2008), app. denied, 960 A.2d 841 (Pa. 2008); Somers v. Somers, 613 A.2d 1211, 1215 (Pa. Super. 1992); accord Belmont Holdings Corp. v. Unicare Life & Health Ins. Co., 1999 WL 124389 at *4 (E.D.Pa. February 5, 1999).

Moreover, applying Pennsylvania law, several Courts have held that, where the Plaintiffs allege that the Defendant Breached its Duty of Good Faith and Fair Dealing by denying first party benefits under an insurance policy, said claim is subsumed by the Plaintiffs' Breach of insurance Contract claim premised on the same conduct. See, e.g., Meyer v. Cuna Mut. Group, 2007 WL 2907276 at *15 (W.D.Pa. September 28, 2007) (holding that where the conduct forming the basis of the Plaintiff's Breach of Duty of Good Faith and Fair Dealing claim is the same conduct forming the basis for the Breach of Contract claim, the claims merge and there is no separate cause of action for Breach of Duty of Good Faith and Fair Dealing); see also JHE, Inc. v. SEPTA, 2002 WL 1018941, at *5 (Phila.C.P. May 17, 2002) ("[T]he implied covenant of Good Faith does not allow for a claim separate and distinct from a Breach of Contract claim.

Rather, a claim arising from a Breach of the Covenant of Good Faith *must* be prosecuted as a Breach of Contract claim, as the covenant does nothing more than imply certain obligations into the contract itself); Garvey v. National Grange Mut. Ins. Co., 1995 WL 115416, at *4 (E.D.Pa. Mar. 16, 1995); Ingersoll–Rand Equip. Corp. v. Transportation Ins. Co., 963 F.Supp. 452, 453–54 (M.D.Pa.1997); Greater New York Ins. Co. v. North Ins. Co., 872 F.Supp. 1403, 1409 (E.D.Pa.1995), *aff'd*, 85 F.3d 1088 (3d Cir.1996); Simmons v. Nationwide Mut. Fire Ins. Co., 788 F. Supp. 2d 404, 409 (W.D. Pa. 2011).

As such, the Breach of Covenant of Good Faith and Fair Dealing portion of Count II of Plaintiffs' First Amended Complaint must be dismissed.

### D. Plaintiffs Fail To Establish a Claim Pursuant To Pennsylvania's Unfair Trade Practices and Consumer Protection Law

Plaintiffs allege that Defendant Allstate violated the Unfair Trade Practices and Consumer Protection Law (UTPCPL) in Count III, but do not cite to or refer to a *specific* section or subsection of the UTPCPL that Allstate allegedly violated. Nevertheless, on the facts averred by the Plaintiffs, the law says with certainty that no recovery is possible.

In Pennsylvania, to establish a claim under the UTPCPL, it is the Plaintiffs' burden to plead and **prove** the common law elements of fraud. See, e.g., Booze v. Allstate Insurance Company, 750 A.2d 877 (Pa. Super. 2000); Fay v. Erie Insurance Group, 723 A.2d 712 (Pa. Super. 1999). To establish the common law elements for Fraud/Misrepresentation, Plaintiffs must allege that: (1) there was a misrepresentation; (2) a fraudulent utterance thereof by Defendant Allstate; (3) with an intention on the part of Allstate that the Plaintiffs would be thereby induced to act; (4) there was justifiable reliance upon the misrepresentation; and (5) damage to Plaintiffs as a result. See, e.g., Gagliardi v. Lynn, 285 A.2d 109 (Pa. 1971). See also Booze v. Allstate Ins. Co., 750 A.2d 877 (Pa.Super 2000).

In the Commonwealth of Pennsylvania, fraud **is never presumed.** See, e.g., Boyer v. Schultz, 14 Lebanon 58 (Pa.Com.Pl. 1971).   See also Union Bank v. Harris, 37 Erie 281 (Pa.Com.Pl. 1954).   In the Commonwealth of Pennsylvania a party must plead, establish and, ultimately prove the facts upon which the fraud claim is based, by **clear and convincing evidence.** See, e.g., Buffalo Sav. Bank v. Pompilii, 63 Lanc.Rev. 477 (Pa.Com.Pl. 1972).   This type of evidence must be **clear, precise and indubitable.** See, e.g., Housing Mortgage Corp. v. Tower Development & Inv. Corp., 111 P.L.J. 391 (Pa.Com.Pl. 1963).   Moreover, in the Commonwealth of Pennsylvania, vague, uncertain, confusing, and hearsay allegations raising mere suspicion **will not overcome the presumption against the existence of fraud.** See, e.g., Topolosky v. Gustain, 40 Wash.Co. 171 (Pa.Com.Pl. 1960).

Plaintiff allege that Defendant Allstate denied their insurance claim.  See, Exhibit "B" at Paragraph 19.  Plaintiffs have pled no evidence, much less clear and convincing evidence, that Defendant Allstate perpetrated a fraud upon them.  Additionally, there is no averment by the Plaintiffs that they justifiably relied upon any alleged misrepresentation that caused them damage.  Again, Plaintiffs' claim was denied, and Plaintiffs (via the letter of denial) that Defendant Allstate was denying their claim.

Additionally and significantly, in Pennsylvania, nonfeasance is not an actionable claim under the UTPCPL.  Plaintiffs' claims arise from unsatisfactory **non**payment of their claim.  This **non**payment amounts to, at most, **non**feasance and is not actionable under the UTPCPL in this Commonwealth.  Gordon v. Pennsylvania Blue Shield, 378 Pa. Super. 256, 548 A.2d 600 (1988). See also, Horowitz v. Federal Kemper Life Assurance, 57 F.3d 300, 307 (3d Cir. 1995), where the Court stated:

> In Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the Unfair Trade Practices and

Consumer Protection Law, 73 P.S. § 201-1 et seq., and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform contractual duty, is not actionable.

As such, Count III must be dismissed.

### E.   Pennsylvania Does Not Recognize a Breach of Fiduciary Duty In This Context

Plaintiffs purport to allege a Breach of Fiduciary Duty claim in Count IV.   However, Pennsylvania law does not permit common law tort actions for Breach of Fiduciary Duty in the context of insurance cases. See, Taylor v. Geico, 2010 U.S. DIST. LEXIS 39708 (E.D.Pa. April 21, 2010); see also Wood v. Allstate Ins. Co., 1996 WL 637832, at *2 (striking Breach of Fiduciary Duty claim).   Pennsylvania Courts have distinguished fiduciary duty and have held that there is no fiduciary duty between an insurance company and its insured.   See Chenot v. Metropolitan Life Insurance Company, 2000 WL 33158624 (Pa.Com.Pl. 2000) (sustaining insurance company's Preliminary Objections for a demurrer of the Breach of Fiduciary Count); Kreibel v. Metropolitan Life, Butler County (A.D. 95-10666) (J. O'Brien, June 23, 1997); Inhat v. Pover, Allegheny County (GD 94-17465) (J. Wettick, December 16, 1997).

Rather, in Pennsylvania, a Breach of Fiduciary Duty claim against an insurer by an insured is synonymous with a Breach of Contract claim. See, e.g., Gideon v. State Farm Mutual Insurance Co., 188 A.2d 320, 322 (Pa. 1963). As such, a Breach of Fiduciary Duty claim is redundant of a Breach of Contract claim against an insurer. Ross v. Metropolitan Life Ins. Co., 411 F.Supp.2d 571, 583–4 (W.D.Pa. 2006) (dismissing a Breach of Fiduciary Duty claim as redundant of the Plaintiff's Breach of Contract claim).   Moreover, no fiduciary relationship exists between an insurer and its insured. Instead, the relationship between the insured and the insurer is one of buyer and seller. See Pennsylvania Chiropractic Association v. Independence Blue Cross, 2001 WL 1807781 *9 (Pa.Com.Pl. July 16, 2001); Decker v. Nationwide Ins. Co., 83 Pa.

D. & C.4th 375, 379 (Com. Pl. 2007).  Therefore, Plaintiffs' Breach of Fiduciary Duty in Count IV must be dismissed.

**F.     Plaintiffs' Claims Against the John Does Must Be Dismissed**

Only "insurers" can be liable for Bad Faith.  <u>See</u>, 42 Pa.C.S.A 8371.  John Does (presumably insurance claim representatives or other employees, agents etc.) cannot be liable for Bad Faith pursuant to 42 Pa.C.S.A 8371.  <u>See</u>, <u>e.g.</u>, <u>Dresdner v. State Farm Mut. Auto Ins. Co.</u>, 1995 U.S. Dist. LEXIS 11213 (E.D.Pa. Aug. 8, 1995); <u>Peer v. Minnesota Mutual Ins. Co.</u>, 1993 U.S. Dist. LEXIS 18008 (E.D.Pa. Dec. 21, 1993); <u>Lockhart v. Federal Ins. Co.</u>, 1998 U.S. Dist. LEXIS 4046 (E.D.Pa. Mar. 30, 1998); <u>Inhat v. Pover</u>, Allegheny County (GD 94-17465) (J. Wettick, December 16, 1997); <u>Scheibler v. AMERICO Financial Life & Annuity Ins. Co.</u>, 2007 Pa. D.&C.4th 120 (Allegheny Co. 1997).  Therefore, Plaintiffs cannot sue the John Does for Bad Faith.

Plaintiffs had a contract with Defendant Allstate.  Plaintiffs do not identify any contract between themselves and any John Doe.  To state a claim for Breach of Contract, a Plaintiff must allege (1) ***a contract between the parties***; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations.  <u>Frederico v. Home Depot</u>, 507 F.3d 188, 203 (3d Cir.2007); <u>Hunter v. Sterling Bank</u>, 588 F. Supp. 2d 645, 649 (E.D. Pa. 2008).  Since there is no contract identified other than the insurance policy, Plaintiffs cannot sue the John Does for Breach of Contract or Breach of Covenant of Good Faith and Fair Dealing.

As already established, there is/was no Breach of Fiduciary Duty claim as to Defendant Allstate.  As such, there can be no Breach of Fiduciary Duty claim as to any of the John Does.  Likewise, Plaintiffs failed to establish a UTPCPL claim as to Defendant Allstate.  Therefore, to

the extent that Plaintiffs seek a UTPCPL claim against the John Does, said claim must be dismissed.

## V.    Conclusion

Plaintiffs have failed to state a claim for Breach of Covenant of Good Faith and Fair Dealing, UTPCPL, or Fiduciary Duty as to Defendant Allstate.  Plaintiffs also fail to establish any viable claims against the John Does.  Therefore, this Motion must be granted.

WHEREFORE, Defendant Allstate Property and Casualty Insurance Company respectfully requests that this Court grant Defendant Allstate's Partial Motion To Dismiss Plaintiffs' Complaint Pursuant to F.R.C.P. 12(b)(6), and sign the Order in the form attached.

Respectfully submitted,

CURTIN & HEEFNER LLP

By:_____

Michael P. Maguire, Esquire
Attorneys for Defendant
250 N. Pennsylvania Avenue
Morrisville, PA 19067
(215) 736-2521

Date:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NICHOLAS AND KARA CAPRIOTTI            :     Civil Action
                                       :
vs.                                    :     No.:   11-CV-07779-TON
                                       :
ALLSTATE PROPERTY AND                  :
CASUALTY INSURANCE COMPANY             :

## CERTIFICATION OF SERVICE

Michael P. Maguire, Esquire, counsel for Defendant, hereby certifies that a true and correct copy of Defendant Allstate Property and Casualty Insurance Company's Partial Motion to Dismiss Plaintiffs' First Amended Complaint was filed electronically with the Court. Notice of this filing will be sent today to all parties via the Court's electronic filing system.

CURTIN & HEEFNER, LLP

By: _____
     Michael P. Maguire, Esquire
     Attorneys for Defendant

Dated: 1/11/12

814339.1/45652